IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DWIGHT L. SHIVERS, | § | |
| | § | No. 302, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below – Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1610015092 (S) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 3, 2021
Decided: June 4, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

# **O R D E R**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Superior Court's order, dated April 30, 2020, denying the appellant's second motion for postconviction relief. Under Superior Court Criminal Rule 61(d)(2), summary dismissal was appropriate because this was the appellant's second motion for postconviction relief and he was convicted after a no-

contest plea, not a trial.[1] Moreover, the appellant's previous motion for postconviction relief was denied, and the appellant has not pleaded any circumstances under Rule 61(d)(2)(i) or (d)(2)(ii) that overcome the procedural bars set forth in Rule 61,[2] nor does he claim that the Superior Court lacked jurisdiction.[3]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[1] *See* Del. Super. Ct. Crim. R. 61(d)(2) ("A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial . . . ."); *Bible v. State*, 2014 WL 7010822, at *2 (Del. Dec. 3, 2014) (holding that summary dismissal of a second motion for postconviction relief was appropriate because the defendant was convicted after a guilty plea, not a trial).

[2] Del Super. Ct. Crim. R. 61(i).

[3] *Id.* at (5).

2